T.C. Summary Opinion 2001-14

UNITED STATES TAX COURT

JANET SCHOENE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3109-99S.                    Filed February 15, 2001.

<u>Hedy P. Forspan</u>, David Herman, and Peter Mendelsohn (specially recognized), for petitioner.

<u>Lydia A. Branche</u> and <u>Peter J. Labelle</u>, for respondent.


POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

─────────────

[1]  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

The issue is whether petitioner is time barred from claiming a refund of a $7,733 overpayment for her 1994 tax year. Respondent contends that petitioner is time barred from recovery by the operation of sections 6511 and 6512(b). Petitioner contends, however, that she was "financially disabled" within the meaning of section 6511(h), and, therefore, the period of limitations set forth in section 6511 was tolled. At the time the petition was filed, petitioner resided in New York, New York.

The facts are not in dispute and may be summarized as follows. From 1994 to at least 1997, petitioner suffered from depression. With respect to her 1994 Federal income tax return, petitioner, through her accountant, requested and received an automatic extension to file her return. Prior to the August 15, 1995, filing deadline petitioner requested and received an additional extension to file until October 15, 1995. Petitioner, however, did not submit her 1994 Federal income tax return until after respondent issued the notice of deficiency in 1998.

Based on third party information, respondent prepared a substitute return and issued a notice of deficiency to petitioner on December 1, 1998. Respondent determined a deficiency and additions to tax in petitioner's 1994 Federal income tax as follows:

- 3 -

|  | Additions to Tax | |
| Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) |
| $11,358 | $528.07 | $481.13 |

Petitioner timely filed a petition with this Court contesting the deficiency determined in the notice and claiming an overpayment of $7,733. She also apparently submitted a return to respondent seeking a refund of $7,733. Respondent concedes that the return submitted is correct but contends that petitioner is time barred from recovering the $7,733 overpayment by operation of sections 6511 and 6512(b).

We generally have jurisdiction to determine the existence and amount of any overpayment of tax to be credited or refunded for years that are properly before us. See sec. 6512(b)(1). For the taxable year 1994, section 6512(b)(3) (incorporating by reference section 6511(b)(2)), however, provides that a claim for credit or refund of an overpayment of tax must be filed by the taxpayer within 3 years from the time the return was filed or within 2 years from the time the tax was paid. If no return is filed, the claim must be filed within 2 years from the time the tax was paid. See Commissioner v. Lundy, 516 U.S. 235, 253 (1996).

In Commissioner v. Lundy, supra, the Supreme Court held that where a taxpayer does not file a return prior to the notice of deficiency being mailed, the Tax Court has jurisdiction to award a refund only as to those taxes paid during the 2 years preceding

the mailing of the notice of deficiency. Petitioner's overpayment results from withholding credits paid in 1994. Pursuant to section 6513(b)(1) those credits are deemed paid on April 15, 1995. Respondent mailed the notice of deficiency in this case on December 1, 1998. None of the taxes withheld for petitioner's 1994 tax year were paid within the 2-year period ending on December 1, 1998.

Congress amended section 6512(b)(3) in the Taxpayer Relief Act of 1997, to provide that where a notice of deficiency is issued within the third year after the due date of the taxpayer's return, as extended, and no return was filed, then the Tax Court has jurisdiction to award a refund as to taxes paid within the 3 years preceding the mailing of the notice of deficiency. See Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 1282, 111 Stat. 788, 1037. However, amended section 6512(b)(3) is applicable to tax years ending after August 5, 1997. Furthermore, the notice of deficiency here was mailed more than 3 years after the due date of petitioner's return (October 15, 1995), and none of the taxes at issue were paid during the 3-year period preceding the mailing of the notice of deficiency.

Petitioner argues that she should be given relief under section 6511(h). Section 6511(h) was enacted as part of the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3202(a), 112 Stat. 685, 740.

Section 6511(h) permits the tolling of the period of limitations for taxpayers who are "financially disabled".  Petitioner maintains that during this period of time she was "financially disabled".

We are willing to assume (but do not decide) that petitioner would fall within the meaning of "financially disabled."[2] Section 6511(h), however, does "not apply to any claim for credit or refund which * * * is barred by the operation of any law or rule of law * * * as of the date of the enactment of this Act [July 22, 1998]."  RRA 1998, sec. 3202(b), 112 Stat. 741.  As noted, petitioner's withholding credits were deemed paid on April 15, 1995.  See sec. 6513(b)(1).  Petitioner did not file her 1994 Federal income tax return before respondent issued a notice of deficiency, and, therefore, as stated above, under section 6512(b)(3) petitioner's refund claim was barred by operation of law as of April 15, 1997.  See Commissioner v. Lundy, supra at 253; see also Hart v. Commissioner, T.C. Memo 1999-186.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.

---

[2]  We note that this may be a very tenuous assumption.  During this period, petitioner owned and managed real estate, paid her bills, and applied for unemployment compensation.